UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ARMINEA BANNISTER

VERSUS

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION

NUMBER 12-744-BAJ-SCR

**ORDER VACATING SHOW CAUSE ORDER AND
SETTING DEADLINE FOR SERVICE**

Plaintiff was ordered to show cause in writing on June 21, 2013 why her complaint should not be dismissed for failure to properly serve the defendant within the time allowed by Rule 4(m), Fed.R.Civ.P.[1]

The response to the show cause order indicates two reasons for the lack of service.[2] Counsel for the plaintiff explained that after the Motion to Proceed In Forma Pauperis was granted, counsel proceeded in accordance with 28 U.S.C. § 1915 and prepared Form 285 for each person to be served, and on December 17, 2012 forwarded the forms by mail to the U.S. Marshal's Office.[3] After mailing the forms counsel believed that no further action was required to effect service. Shortly thereafter, counsel became ill and was unable to work for several months. For these reasons, the

---

[1] Record document number 6.

[2] Record document number 7.

[3] Record document number 7-1, Exhibit A.

plaintiff urged the court to find good cause for the failure to timely serve the defendant, or in the alternative, asked for a discretionary extension of time to effect service.

With regard to mailing the Form 285 to the U.S. Marshal to effect service, it is apparent that counsel failed to take note that the order granting leave to proceed in forma pauperis specifically stated in bold type that the plaintiff is responsible for serving the defendant in the manner required by Rule 4, Fed.R.Civ.P.[4] In Social Security cases where in forma pauperis status is granted and the plaintiff is represented by counsel, this procedure is followed because service can be accomplished simply by mailing the summons and complaint to the appropriate government officials and delivering a copy to the United States Attorney for the district, as provided under Rule 4(i).[5] A Form 285 is not needed.

Nevertheless, this misunderstanding combined with counsel's illness constitute good cause for the plaintiff's failure to timely serve the defendant, and for extending the time for the plaintiff to effect service under Rule 4(m).[6]

---

[4] Record document number 3.

[5] The time and cost for the plaintiff is minimal and this procedure helps relieve the administrative burdens on the U.S. Marshal's Office.

[6] *See*, *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996); *Newby v. Enron Corp.*, 284 Fed.Appx. 146 (5th Cir. 2008).

2

Therefore;

IT IS ORDERED that the Order to Show Cause issued June 11, 2013 is vacated.

IT IS FURTHER ORDERED that the time for the plaintiff to serve the defendant with a summons and the complaint as required by Rule 4(i)(1) and (2) is extended until July 31, 2013.

Baton Rouge, Louisiana, June 28, 2013.

*signature: Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

3

Case 3:12-cv-00744-BAJ-SCR   Document 8   07/01/13   Page 3 of 3