UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ARMINEA BANNISTER

VERSUS

CAROLYN W. COLVIN,
ACTING COMMISSIONER
OF SOCIAL SECURITY

CIVIL ACTION

NUMBER 12-744-BAJ-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, October 25, 2013.

    STEPHEN C. RIEDLINGER
    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ARMINEA BANNISTER

VERSUS

CAROLYN W. COLVIN,
ACTING COMMISSIONER
OF SOCIAL SECURITY

CIVIL ACTION

NUMBER 12-744-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Defendant's Motion to Dismiss filed by defendant Carolyn W. Colvin, Acting Commissioner of Social Security. Record document number 10. No opposition has been filed.

Plaintiff Arminea Bannister filed a complaint for judicial review of the denial of her application for child's insurance disability benefits under 42 U.S.C. § 405(g). Plaintiff sought judicial review of the September 26, 2012 order of the Appeals Council which dismissed her request for review as untimely. Plaintiff alleged that there were valid reasons for the delay in submitting her request for review to the Appeals Council, and the Appeals Council should have found good cause and granted the request for review.

The Commissioner moved to dismiss the plaintiff's complaint for judicial review because the Appeals Council's denial of her request for review as untimely was a failure by the plaintiff to exhaust administrative remedies, and not a final decision that can

be reviewed under § 405(g).

Based on the applicable law and the analysis which follows, the Motion to Dismiss should be granted.

**Applicable Law**

Judicial review under § 405(g) is authorized only after a "final decision of the Commissioner of Social Security made after a hearing." Section 405(h) states that no findings of fact or decisions of the Commissioner can be reviewed except as provided under the provision for judicial review. 42 U.S.C. § 405(h). Social Security regulations define the term "final decision" under § 405(g) by setting forth a four step administrative process.[1] The Supreme Court and Fifth Circuit Court of Appeals have held that the following agency actions are not final decisions within the meaning of 405(g) and are unreviewable by the district court: (1) an Administrative Law Judge ("ALJ") dismissal a request for a hearing based on a claimant's failure to appear; (2) an ALJ dismissal of a claimant's request for hearing based on *res judicata*; (3) an Appeals Council denial of an extension of time to seek administrative or judicial review of an ALJ decision; and, (4) a

---

[1] *Sims v. Apfel*, 530 U.S. 103, 120 S.Ct. 2080, 2083 (2000); *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 986 (1977); *Brandyburg v. Sullivan*, 959 F.2d 555, 559-61 (5th Cir. 1992); *Harper by Harper v. Bowen*, 813 F.2d 737, 743 (5th Cir.), *cert. denied*, 484 U.S. 969, 108 S.Ct. 466 (1987).

refusal to reopen a claim for benefits.[2] Thus, unless a plaintiff raises a colorable constitutional claim, dismissal on procedural grounds at the administrative level deprives the district court of jurisdiction under § 405(g).[3]

## Analysis

The Commissioner relied on the declaration of Patrick J. Herbst and the attached exhibits,[4] and the following undisputed facts, to support her motion.

After the plaintiff's application for benefits was denied initially and on reconsideration, the plaintiff requested a hearing by an ALJ. The ALJ denied the request for a hearing on the ground of res judicata. The ALJ determined that the plaintiff's previous application involving the same facts and issues became administratively final because the plaintiff did not timely request review.[5]

Plaintiff then requested Appeals Council review of the ALJ's denial of a hearing and the order of dismissal. However, the plaintiff's request for review by the Appeals Council was filed

---

[2] *Id.; Hensley v. Califano*, 601 F.2d 216 (5th Cir. 1979)(per curiam); *McCall v. Bowen*, 832 F.2d 862, 863 (5th Cir. 1987).

[3] *Brandyburg*, 959 F.2d at 562; *Sanders, supra.*

[4] Record document number 10-2, Declaration of Patrick J. Herbst, Acting chief of Court Case Preparation and Review.

[5] Record document number 10-2, Exhibits 2 and 3.

beyond the 60 day time limit.  After giving the plaintiff an opportunity to submit a statement and other information explaining why the request for review was not timely, the Appeals Council made a final determination that the plaintiff did not show good cause to extend the time for filing a request for review.  Therefore, the Appeals Council dismissed the plaintiff's request for review because it was not filed within 60 days from the date notice of the ALJ's dismissal order was received.[6]  The Appeals Council's dismissal based on untimeliness does not constitute a review of the ALJ's decision.  Consequently, a claimant does not exhaust administrative remedies, which would allow judicial review, because there is no final decision of the Appeals Council reviewing the ALJ's decision.  *Harper*, 813 F.2d at 743.

Based on the regulations and case law, when the Appeals Council dismisses a claimant's request for review because it is untimely, such a dismissal is not subject to judicial review under § 405(g) because the claimant failed to exhaust administrative remedies.  20 C.F.R. §§ 404.971 and 404.972; *Harper,* 813 F.2d at 740-43.[7]  Therefore, the Commissioner's Motion to Dismiss should be granted.

---

[6] *Id.*, Exhibits 4, 5 and 6; 20 C.F.R. § 404.968(a).

[7] In these circumstances a claimant does not exhaust administrative remedies which would allow judicial review, because there is no final decision of the Appeals Council reviewing the decision of the ALJ. *Harper*, 813 F.2d at 743.

4

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the Defendant's Motion to Dismiss filed by defendant Carolyn W. Colvin, Acting Commissioner of Social Security, be granted, dismissing the plaintiff's complaint for judicial review under 42 U.S.C. § 405(g) for failure to exhaust administrative remedies.

Baton Rouge, Louisiana, October 25, 2013.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE